**Janis M. FERGUS, Appellant,**

v.

**Mark V. FERGUS, Appellee.**

**No. 4977.**

Court of Civil Appeals of Texas, Eastland.

Feb. 3, 1977.

Beverly Tarpley, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellant.

Malcolm C. Schulz, Abilene, for appellee.

McCLOUD, Chief Justice.

Mark V. Fergus sued his wife, Janis M. Fergus, for divorce. Both parties sought to be appointed managing conservator of Michael V. Fergus, the minor child of the marriage. The court in a nonjury trial granted Mark V. Fergus a divorce and appointed him managing conservator of Michael V. Fergus. The mother, Janis M. Fergus, appeals. We affirm.

The mother contends the court abused its discretion in not appointing her managing conservator. We have carefully reviewed the evidence, and see no useful purpose in detailing the testimony. Section

14.01 of the Family Code expressly provides that in determining which parent to appoint as managing conservator, the court shall consider the qualifications of the respective parents without regard to the sex of the parent. The best interest of the child is the primary consideration of the court, and the evidence in this case would support the appointment of either parent as managing conservator.

■ The matter of determining who should be appointed managing conservator of Michael V. Fergus was addressed to the sound discretion of the trial court. It was stated in *Mumma v. Aguirre,* 364 S.W.2d 220 (Tex.1963):

"... He has an opportunity to observe and evaluate the personalities of the contending claimants, to weigh the credibility of their testimony, to assess the physical, mental, moral and emotional needs of the child, and to adjudge from personal observation which of the claimants can best meet the needs of the child. His judgment should be reversed only when it appears from the record as a whole that he has abused the discretion entrusted to him ..."

■ We hold the trial court did not abuse its discretion in appointing the father managing conservator.

■ The mother next complains that the court erred by not prescribing in the judgment her rights, privileges, duties and powers as possessory conservator of the minor child.

The judgment appointed Janis M. Fergus possessory conservator and stated that she had "reasonable visitation rights".

Article 14.03 of the Family Code provides:

"(a) If a managing conservator is appointed, the court may appoint one or more possessory conservators and set the time and conditions for possession of or access to the child by the possessory conservators and others.

(b) On the appointment of a possessory conservator, the court shall prescribe the rights, privileges, duties, and powers of the possessory conservator.

(c) The court may not deny possession of or access to a child to either or both parents unless it finds that parental possession or access is not in the best interest of the child and that parental possession or access would endanger the physical or emotional welfare of the child."

The rights, privileges, duties, and powers of a possessory conservator are expressly prescribed in Article 14.04 of the Family Code as follows:

"A possessory conservator has the following rights, privileges, duties, and powers during the period of possession, subject to any limitations expressed in the decree:

(1) the duty of care, control, protection, and reasonable discipline of the child;

(2) the duty to provide the child with clothing, food, and shelter;

(3) the power to consent to medical and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and

(4) any other right, privilege, duty, or power of a managing conservator expressly granted in the decree awarding possession of the child."

The appointment of Janis M. Fergus as "possessory conservator" gave her the rights, privileges, duties, and powers contained in Article 14.04. The judgment contained no limitation nor granted any additional rights, privileges, duties, or powers as contemplated by Article 14.04. The court did not commit error in failing to list in the judgment the rights, privileges, duties, and powers given the possessory conservator in Article 14.04.

■■ There is no finding that "possession" of or "access" to the child by the mother would not be in the best interest of the child or that possession or access by the mother would endanger the physical or emotional welfare of the child. Therefore, Janis M. Fergus, under Article 14.03, has certain rights of possession and access to the child. The judgment fails to specifically "set the time and conditions for posses-

**54**

sion of or access to the child" by the possessory conservator. The judgment states only that the possessory conservator has "reasonable visitation rights". We think that under the current Family Code this language is inappropriate and should be avoided. It is clear that Subsection (a) of Article 14.03 contemplates that the time and conditions for possession of or access to the child by the possessory conservator be expressly stated in the judgment. We do not think, however, that the court committed error in using the traditional phrase "reasonable visitation rights". We conclude that such language means that the possessory conservator is entitled to possession of or access to the child, Michael V. Fergus, at reasonable times and under reasonable conditions.

We hold the court did not abuse its discretion or err as a matter of law in failing to prescribe expressly in the judgment the rights, privileges, duties, and powers of the possessory conservator.

■ Janis M. Fergus contends further that the court erred in refusing to grant her motion for new trial on the basis of newly discovered evidence. She relies upon the rule stated in *In re Y.*, 516 S.W.2d 199 (Tex.Civ.App.—Corpus Christi 1974, writ ref. n.r.e.). The record in the instant case reveals that no hearing was held on the motion for new trial. Therefore, Mrs. Fergus has failed to show, as required by *In re Y.*, that admissible competent evidence was introduced on the hearing of the motion for new trial showing the existence of the newly discovered evidence relied upon.

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.