**In re H. D. O.**

**No. 5237.**

Court of Civil Appeals of Texas,
Eastland.

March 29, 1979.

Rehearing Denied April 26, 1979.

William D. Dupree, West Texas Legal Services, Fort Worth, for appellant.

John S. Watts, Hamlin, Joe Edd Boaz, Anson, Joanne H. Strauss, Abilene, for appellee.

DICKENSON, Justice.

Patricia O'Keefe Salmons and Debbie Hallmark, petitioners, are the paternal aunts of H.D.O., a minor child. Petitioners sought a termination of the parent-child relationship between H.D.O. and her natural parents. Petitioners also asked that one of the petitioners, or the minor child's paternal grandmother, be appointed as managing conservator of the child. The child's parents were granted a divorce on the same day petitioners' suit was heard. After a nonjury trial, the petition for termination of parental rights was denied, but Patricia O'Keefe Salmons was appointed managing conservator of the child. The mother has appealed. We affirm.

■ Appellant's first point of error is that she "was denied her Sixth Amendment rights at critical stages of the termination proceedings and thus the trial court erred in altering conservatorship." We disagree. She contends that her right to legal counsel was denied in two critical instances. First, she asserts that she was unrepresented during the deposition of a witness who gave damaging testimony which was admitted over her objection at the hearing of the suit affecting the parent-child relationship. However, the record shows that she and the child's father did in fact have an attorney of record who received proper notice of that deposition. The record shows that appellant has had four different attorneys of record. Second, under this point she also complains that the trial judge limited the scope of cross-examination during the trial. The record shows that no attempts were made to perfect bills of exception to show what evidence was excluded by the court, and nothing is presented for us to review under Rules 372 and 373, Tex.R.Civ.P. (1967). *Matter of Marriage of Goodwin*, 562 S.W.2d 532 (Tex.Civ.App.—Texarkana 1978, no writ).

■ Appellant's second point of error is that the trial court denied her "fundamental right to family integrity by applying an unconstitutional 'best interest of the child' standard." We disagree. Section 14.-07(a), Texas Family Code (1975), expressly provides that:

> The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child. . . .

Appellant cites no cases holding that this standard of "best interest of the child" is unconstitutional, and we know of none. Appellant attempts to rely upon *Sims v. State Department of Public Welfare*, 438 F.Supp. 1179 (U.S.D.C., S.D.Tex., 1977), which held that Sections 11.10, 11.15, 17.02, 17.03, 17.05, 17.06, 34.05(c) and 34.08, Texas Family Code, are unconstitutional on their face. Appellee cites the recent case of *Woodard v. Texas Department of Human Resources*, 573 S.W.2d 596 (Tex.Civ.App.— Amarillo 1978, writ filed) which states that:

> Respectful consideration is due a lower federal court decision, and it is accorded the decision in *Sims v. State Department of Public Welfare*, supra; yet, as was held in *United States ex rel. Lawrence v. Woods*, 432 F.2d 1072, 1075–76 (7th Cir. 1970), cert. denied 402 U.S. 983, 91 S.Ct. 1658, 29 L.Ed.2d 148 (1971), in circumstances somewhat similar to those exist-

ing in the present appeal, state courts are not concluded by a lower federal court decision on an identical question of law which arises in a later unrelated cause. The rationale expressed is that while the state courts and lower federal courts are subject to the supervisory jurisdiction of the United States Supreme Court as the final arbiter on all questions of federal constitutional law, there is a parallelism, but not paramountcy, for both the state courts and the lower federal courts in passing on federal constitutional questions. 432 F.2d at 1075–76. Accord, *Owsley v. Peyton,* 352 F.2d 804, 805 (4th Cir. 1965), which holds that states are not obliged to follow decisions of the federal circuit court whose circuit includes their state.

We note that *Sims* does not pass upon the validity of Section 14.07(a), Texas Family Code (1975). We hold that this section of the Family Code is valid and that the "best interest of the child" standard does not violate the due process clause or the equal protection clause of the 14th Amendment to the Constitution of the United States and that it does not violate Article 1, Section 19, Texas Constitution of 1876 (1955).

■ The third point of error is that the trial court erred because there was no clear and convincing evidence that it was in the child's best interest to alter conservatorship. We disagree. The trial court's findings of fact recite that they are based upon clear and convincing evidence, and they support the trial court's decision to appoint Patricia O'Keefe Salmons as managing conservator of the minor child. There is evidence in the record to support those findings of fact, and it would serve no useful purpose to review the evidence in detail. Under a "no evidence" point of error, we are to consider only the evidence and inferences which support the findings of the trial court. *Brown v. Frontier Theatres, Inc.,* 369 S.W.2d 299 (Tex.1963).

■ The fourth point of error is that the trial court erred in altering conservatorship when the guardian ad litem made no specific recommendation. We disagree. A guardian ad litem was appointed to represent the minor, and he participated in the trial. At the close of testimony, the guardian ad litem stated:

> The circumstances that the child was under were perhaps not as desirable as any of us would like to see. I agree with the opinion of Nancy Winkels (employee of Texas Department of Human Resources) that there is no need for termination . . . of parental rights as to either parent in this case. I think it's unfortunate that we don't have a form of probation. . . . It's instances like this that make me glad that I'm not a judge or a one man jury, because I think the Court has a hard decision in the case of keeping the best interest of the child in the proper perspective. . . .

In this case, the trial court fully complied with the provisions of Section 11.10, Texas Family Code (Supp.1979). The fact that the guardian ad litem did not make a specific recommendation on the change of conservatorship did not deprive the trial court of its power, and its responsibility, to make a decision based upon the evidence under the "best interest of the child" standard.

■ The fifth point of error is that the trial court erred in altering conservatorship "because the best credible evidence proves that the appellant was a fit and competent mother and the most appropriate person to have custody." This point is overruled. Evidence on this point was disputed, and the matter of determining who should be appointed managing conservator was addressed to the sound discretion of the trial court. The trial judge has an opportunity to observe and evaluate the personalities of the witnesses and to weigh the credibility of the testimony. His judgment should be reversed only when it appears from the record as a whole that he has abused the discretion entrusted to him. *Fergus v. Fergus,* 547 S.W.2d 51 (Tex.Civ.App.—Eastland 1977, no writ). We have reviewed the entire record, and we hold that the judgment of the trial court is supported by the evidence and that the trial judge did not abuse his discretion in appointing the aunt man-

aging conservator of the child and appointing the parents possessory conservators with reasonable rights of visitation.

The sixth point of error is that the trial court erred in denying specific visitation to appellant. We find no reversible error, and this point is overruled. As this court said in *Fergus v. Fergus,* supra:

> The judgment fails to specifically "set the time and conditions for possession of or access to the child" by the possessory conservator. The judgment states only that the possessory conservator has "reasonable visitation rights". We think that under the current Family Code this language is inappropriate and should be avoided. It is clear that Subsection (a) of Article 14.03 contemplates that the time and conditions for possession of or access to the child by the possessory conservator be expressly stated in the judgment. We do not think, however, that the court committed error in using the traditional phrase "reasonable visitation rights". We conclude that such language means that the possessory conservator is entitled to possession of or access to the child, Michael V. Fergus, at reasonable times and under reasonable conditions.

> We hold the court did not abuse its discretion or err as a matter of law in failing to prescribe expressly in the judgment the rights, privileges, duties, and powers of the possessory conservator.

All points of error have been considered, and they are overruled. The judgment of the trial court is affirmed.