Francis Joseph BEAUPRE, Appellant,

v.

Sharon Hudson BEAUPRE, Appellee.

No. 2–85–047–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 11, 1985.

Stollenwerck, Moore & Silverberg, P.C. and Thomas K. Boone, Dallas, for appellant.

Davis & Sweat and David R. Sweat, Arlington, for appellee.

Barlow & Garsek and James B. Barlow, Fort Worth, attorney ad litem.

Before FENDER, C.J., and ASHWORTH and HILL, JJ.

## OPINION

HILL, Justice.

Francis Joseph Beaupre appeals from a corrected decree of divorce which dissolved his marriage to Sharon Hudson Beaupre, divided their property, and appointed Mrs. Beaupre as managing conservator and Mr. Beaupre as possessory conservator of the children. Trial was to a jury on the issues of managing conservatorship, the value of specific property, and Mrs. Beaupre's attorney's fees, and to the court on all other issues. He presents seven points of error.

We affirm.

By point of error number three, Mr. Beaupre urges that the trial court erred in denying him any access to or visitation with his minor children. The trial court by its judgment appointed Sharon Beaupre as managing conservator and Francis Beaupre as possessory conservator of their two children, a boy who was age 13 at the time of divorce, and a girl who was age 10 at the time of divorce. The judgment's provision with respect to Mr. Beaupre's possession of and access to the children was as follows:

For a period of four (4) months Respondent, Francis Joseph Beaupre shall visit the children at the Tarrant County Visitation Center under the direction of the Tarrant County Family Services Department. Petitioner is to deliver the children as per the direction of the Family Services Department for visitation from 2:00 p.m. to 4:00 p.m. on alternating Sundays beginning October 21, 1984, and continuing until Friday February 1, 1985, at which time this visitation shall be reevaluated by order by this Court.

We hold that this visitation provision does not deny Mr. Beaupre access to his children. The decree appoints Mr. Beaupre as possessory conservator of the children and specifically provides for the time and place of visitation prior to February 1, 1985. After February 1, 1985, the decree neither denies the right of visitation nor makes provision for same. In such an instance, prior to the adoption of the Family Code, the non-custodial parent had the right of reasonable access. *Hill v. Hill*, 404 S.W.2d 641, 642 (Tex.Civ.App.—Houston [1st Dist.] 1966, no writ); *Hays v. Hays*, 123 S.W.2d 968, 969 (Tex.Civ.App.—El Paso 1939, no writ). Since TEX.FAM.CODE ANN. sec. 14.04 (Vernon Supp.1985), in providing for the rights, privileges, duties, and powers of the possessory conservator, presupposes the right of possession on the part of the possessory conservator, we hold that when a divorce decree appoints a possessory conservator and neither denies visitation nor provides for the same, the possessory conservator has the right of reasonable visitation. Although TEX.FAM.CODE ANN. sec. 14.03(a) (Vernon Supp.1985) provides that the times and conditions for access to the child must be specific and expressly stated in the order unless either party shows good cause why specific orders would not be in the best interest of the child, it has been held that the provision of reasonable visitation rights, without specification, does not constitute reversible error. *In re H.D.O.*, 580 S.W.2d 421, 425 (Tex.Civ.App.—Eastland 1979, no writ); *Fergus v. Fergus*, 547 S.W.2d 51, 53–54 (Tex.Civ.App.—Eastland 1977, no writ).

Furthermore, in view of Mr. Beaupre's failure to obtain the trial judge's findings of fact and conclusions of law in response to his request, we are bound to review the record as if no request had been made. The judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Shaw's D.B. & L., Inc. v. Fletcher*, 580 S.W.2d 91, 94 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ).

■ Mrs. Beaupre testified that the children were afraid of their father and did not wish to visit him. Mr. Beaupre testified that he needed an initial two week visitation with the children in order to stabilize "the missing relationship". The trial judge talked to the children and then indicated that Mr. Beaupre had some fences to mend with them. The trial court began with limited visitation at the Tarrant County Visitation Center. His expressions at trial indicated that he hoped to be able to afford Mr. Beaupre visitation outside the controlled environment of the Visitation Center after February 1st, but that he was reluctant to provide for expanded visitation at the time of divorce due to the possibility that the relationship of Mr. Beaupre and the children might not have improved sufficiently by that time. We find that under these circumstances this evidence would have supported a finding of good cause as to why specific orders would not be in the best interest of the child, eliminating the requirement for specific orders at the time of divorce. We overrule point of error number three.

■ By point of error number one, Mr. Beaupre asserts that the trial court erred in denying his motion for continuance. The granting or refusal of a motion for continuance lies in the sound discretion of the trial court. *Hernandez v. Heldenfels*, 374 S.W.2d 196, 202 (Tex.1963). Absent an abuse of discretion, the trial court's determination will not be disturbed on appeal. *First Nat. Bank of Amarillo v. Bauert*, 622 S.W.2d 464, 468 (Tex.App.—Amarillo 1981, no writ). The basis for Mr. Beaupre's motion for continuance was that

medical releases for three doctors which he mailed to Sharon's attorney were never returned. No showing was made that any effort was made through discovery procedures to obtain the testimony of the physicians. Since Mr. Beaupre did not exercise due diligence in seeking to obtain the information needed from the doctors, we find that the trial court did not abuse his discretion in overruling the motion for continuance. TEX.R.CIV.P. 252; *First Nat. Bank of Amarillo v. Bauert*, 622 S.W.2d at 469. We overrule point of error number one.

In point of error number two, Mr. Beaupre urges that the Hon. Frank J. Douthitt was not the judge of the 325th District Court and was never appointed to sit for that court. We take judicial notice of the fact that Frank J. Douthitt is the Judge of the 97th Judicial District Court of Clay, Archer and Montague Counties, Texas. As such, he had the authority to sit for the judge of the 325th Judicial District. TEX.REV.CIV.STAT.ANN. art. 1916 (Vernon 1964). In addition, we have before us, by virtue of a supplemental transcript, the order of the Hon. Charles Murray, presiding judge of the Eighth Administrative Judicial District, assigning the Hon. Frank J. Douthitt to the 325th District Court for the purpose of hearing this case. We overrule Mr. Beaupre's point of error number two.

In points of error numbers four and five, Mr. Beaupre maintains that the limited visitation at the Tarrant County Visitation Center was not in the best interest of the children and that it was so vague and indefinite as to violate Mr. Beaupre's rights under the Fourteenth Amendment to the United States Constitution and article I, section 19 of the Texas Constitution. Mr. Beaupre is not specific as to what is vague or unconstitutional about the decree and cites no authority for his position. The extent of visitation accorded to the possessory conservator of children is largely within the discretion of the trial court. *Musslewhite v. Musslewhite*, 555 S.W.2d 894, 898 (Tex.Civ.App.—Tyler 1977, writ dism'd).

We have previously related the testimony in a discussion of point of error number three. We do not find that the trial judge abused his discretion in establishing the visitation in the controlled setting of the Tarrant County Visitation Center. We overrule points of error four and five.

By point of error number six, Mr. Beaupre argues that the trial court erred by not granting him a mistrial due to the fact that he alleges that several jurors observed him wearing jail clothes. The factual basis for this point of error was not preserved for the record, and Mr. Beaupre presents no authorities or argument in support of the point. We overrule point of error number six.

In point of error number seven, Mr. Beaupre urges that the trial court's division of assets and liabilities was not fair and just. TEX.FAM.CODE ANN. sec. 3.63(a) (Vernon Supp. 1985) provides that:

> In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.

The division does not have to be equal, and we must presume that the trial court exercised its discretion properly. *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex.1974). That discretion will not be disturbed on appeal unless the court has clearly abused its discretion. *Id.* In dividing the property, the trial court may consider such factors as the disparity of incomes or of earning capacities of the parties, the spouses' capacities and abilities, business opportunities, education, relative physical conditions, relative financial condition and obligation, disparity of ages, size of separate estates, the nature of the property, and if the divorce is granted on fault grounds, then benefits which the party not at fault would have derived from the continuation of the marriage. *Murff v. Murff*, 615 S.W.2d 696, 697 (Tex.1981). The evidence showed that Mr. Beaupre had

an income significantly higher than that of Mrs. Beaupre. In this case, the trial court awarded Mrs. Beaupre the property in her possession, including a Volkswagen automobile valued by the jury at $2,000, ownership of a one-third interest in an office building, which building was valued by the jury at $400,000, and a $20,000 note from Mr. Beaupre. He received the personal property in his possession and the stock in Insurcom Insurance Agency, Inc., valued by the jury at $150,000. We find that the trial court did not abuse its discretion in the division of the property. We overrule point of error number seven.

The judgment is affirmed.