Affirmed as Modified and Memorandum Opinion filed September 9, 2008








Affirmed as
Modified and Memorandum
Opinion filed September 9, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00844-CV

____________

 

IN THE INTEREST OF D.C.M. AND
L.G.M.

 

 



 

On Appeal from the 387th
District Court

Fort Bend County, Texas

Trial Court Cause No. 1998-CV-106,445

 



 

M E M O R A N D U M   O P I N I O N

Christopher Joseph McCloskey appeals from a modification in
a suit affecting the parent-child relationship.  In twenty-nine issues,
appellant challenges the sufficiency of the evidence to support the
modification and several rulings of the trial court.

Background








On March 6, 2003, appellee, Anne McCloskey, filed a motion
for modification of a prior order in a suit affecting the parent-child
relationship.  During the pendency of appellee=s motion, the
trial court appointed an amicus attorney for the children.  The trial court
subsequently issued temporary orders, which required the parties to refrain
from making disparaging remarks about each other and from discussing any court
matters with the children.  The court further ordered appellant to participate
in parent counseling individually and with the children.  Approximately one
year later, appellant filed a motion to modify conservatorship and attached an
affidavit signed by D.C.M., the parties= son, stating the
son=s desire to live
with appellant.  On June 30, 2004, the trial court held a hearing at which the
court ordered that appellant=s visitation was to be supervised by the
Safe Program.  Appellant was later expelled from the Safe Program because he
violated the court=s order not to discuss court matters with
the children.  

Appellee filed special exceptions alleging that appellant=s motion to modify
and other pleadings did not conform to the Texas Rules of Civil Procedure. 
After a hearing, the trial court ordered appellant to replead his affirmative
pleadings because he failed to plead in broad form.  Appellant also filed
several evidentiary documents with the court, to which the court granted
special exceptions.  After the court ordered appellant to replead, but before
the court set a due date, appellant announced that he had filed for
bankruptcy.  Because the court understood that it could not act until the
bankruptcy stay was lifted, the court set a date for appellant to return, and
adjourned.

Prior to trial, the trial court ordered both parties to pay
deposits on the amicus attorney=s fees and ordered that failure to pay
would result in the striking of the offending party=s affirmative
pleadings.  On the first day of trial, the court asked appellant if he had
filed pleadings and paid the amicus fees in compliance with the previous
orders.  Appellant responded that he had neither repled, nor paid the fees;
therefore, the trial court struck appellant=s affirmative
pleadings.  The parties proceeded to trial on appellee=s motion to
modify.  At the conclusion of the trial, the trial court ordered that appellant=s visitation with
the children shall occur exclusively through the Safe Program.  If appellant
was not re-admitted to the Safe Program within 30 days of his application, the
trial court agreed to appoint another entity or person to supervise appellant=s visitation with
the children.  Appellant=s motion for new trial and his motion for
alternative supervision were subsequently denied.








Partial Record

Initially, we must address the consequences of an
incomplete record.  The reporter=s record in this
case is not complete.  The reporter=s record consists
of the complete transcription of the trial and transcriptions of hearings that
took place on June 30, 2004, January 26, 2005, September 20, 2006, and October
25, 2006.  Missing from the reporter=s record are
hearings that took place on September 3, 2004, where appellant was ordered to
be evaluated by a psychologist; June 28, 2006, where the trial court ordered
the parties to pay costs pursuant to Texas Rule of Civil Procedure 143; July 13, 2006, where appellee=s motion for
sanctions was addressed; and October 11, 2006, where the motion for new trial
was addressed.  However, the clerk=s record contains
neither a request for a partial reporter=s record from
appellant to the official reporter, nor a statement of the points or issues to
be presented on appeal.  

An appellant who requests a partial record must include in
the request a statement of the points or issues to be presented on appeal; he
will then be limited to only those points or issues raised. Tex. R. App. P. 34.6(c)(1); Bennett
v. Cochran, 96 S.W.3d 227, 229 (Tex. 2002).  A copy of the request must be
filed with the trial court clerk.  Tex.
R. App. P. 34.6(b)(2).  When portions of the record are missing and an
appellant completely fails to submit his statement of points or issues, we are
required under Rule 34.6 to affirm the judgment of the trial court.  Bennett,
96 S.W.3d at 229.  In this case, the clerk=s record contains
neither a request for a partial reporter=s record from
appellant to the official reporter, nor a statement of the points or issues to
be presented on appeal.  








Appellant contends that he requested the court reporter to
transcribe the hearings and that he filed a motion with this court regarding
the discrepancies in the record.  Appellant=s attorney filed
an affidavit attached to a motion to extend time to file appellant=s brief in which
she complained that the reporter=s record was
deficient, but there is no evidence in the record that appellant paid for the
hearing records or requested that they be filed in the appellate court. 
Because appellant did not comply with Rule 34.6(c)(1) of the Rules of Appellate
Procedure, we must presume that the omitted portions of the reporter=s record support
the trial court=s judgment regarding issues raised in
those hearings for which there is no reporter=s record.  See
Van Buren v. McMillen, No. 14-03-00928-CV, 2004 WL 1898799, *1 (Tex. App.CHouston [14th
Dist.] 2004, no pet.) (mem. op.).  

Sufficiency of Evidence on Modification

In his first, second, fourth, thirteenth, twenty-second,
twenty-fourth, and twenty-ninth issues, appellant argues that the evidence does
not support the trial court=s modification order.  Appellant argues
that the trial court abused its discretion in changing the visitation
guidelines.  A trial court may modify an order establishing conservatorship of
or possession of and access to children if modification would be in the best
interest of the child and the circumstances of the child, a conservator, or
other party affected by the order have materially and substantially changed
since the date of the rendition of the order.  Tex. Fam. Code Ann. ' 156.101 (Vernon
2005).

We review the trial court=s modification of
possession and access under an abuse of discretion standard.  Gillespie v.
Gillespie, 644 S.W.2d 449, 451 (Tex. 1982).  In our review of the trial
court=s findings, we
apply a hybrid abuse of discretion analysis to determine whether the trial
court (1) had sufficient information on which to exercise its discretion, and
(2) erred in its application of discretion.  See In re C.A.M.M., 243
S.W.3d 211, 220 (Tex. App.CHouston [14th Dist.] 2007, pet. filed); see
also Sotelo v. Gonzales, 170 S.W.3d 783, 787 (Tex. App.CEl Paso 2005, no
pet.).  Thus, legal and factual insufficiency are not independent grounds for
reversal, but instead are factors to be considered in determining whether the
trial court abused its discretion.  Zeifman v. Michels, 212 S.W.3d 582,
587 (Tex. App.CAustin 2006, pet. denied).








To determine if the evidence is legally sufficient, we
review the entire record, considering evidence favorable to the finding if a
reasonable factfinder could, and disregarding evidence contrary to the finding
unless a reasonable factfinder could not.  City of Keller v. Wilson, 168
S.W.3d 802, 828 (Tex. 2005).  The evidence is factually insufficient if the
finding is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and manifestly unjust.  Cain v. Bain, 709 S.W.2d 175, 176
(Tex. 1986).  After assessing the sufficiency of the evidence, we determine
whether, based on the elicited evidence, the trial court made a reasonable
decision.  See Zeifman, 212 S.W.3d at 588.

Best
Interests of the Children

In determining the best interests of the children, a court
may consider: (1) their desires, (2) their emotional and physical needs now and
in the future, (3) any emotional and physical danger to the children now and in
the future, (4) the parental abilities of the individuals seeking primary
possession, (5) the programs available to assist these individuals to promote
the children=s best interests, (6) the plans for the children by
those seeking primary possession, (7) the stability of the home or proposed
placement, (8) the acts or omissions of the parent, which may indicate that the
existing parent-child relationship is not a proper one, and (9) any excuse for
the acts or omissions of the parent.  Holley v. Adams, 544 S.W.2d 367,
371B72 (Tex. 1976).

In its findings of fact, the trial court found that it is
in the best interest of the children to have supervised visitation with appellant
and that a standard possession order is not in the best interest of the
children.  The court further found that appellant=s behavior created
a substantial conflict between the children and appellee, which was not in the
best interest of the children.








At trial, appellant submitted an affidavit signed by D.C.M.
stating that the son wished to live with his father.  There was evidence that
appellant had influenced his son to sign the affidavit.  Dr. Mazie Leftwich, a
court-appointed therapist who testified that she counseled appellant not to ask
his son to sign such an affidavit as it is cruel to ask a child to choose which
parent with whom to live, or to ask a child to leave his sibling.  By asking his
son to sign the affidavit, appellant violated the court=s prior order not
to discuss conservatorship matters with the children.  

There was extensive testimony about the emotional aspects
of appellant=s visitation with the children.  Appellant refused to
permit the children to participate in extracurricular activities during his
periods of visitation.  He caused a scene at the daughter=s cheerleading
competition and when appellee picked up the children from day care.  In both
instances, appellant accused appellee of taking the children away from him. 
The son missed a camping trip with the boy scouts and eventually quit karate
lessons because appellant would not take the son to extracurricular activities
if the activities fell during appellant=s visitation.  The
daughter had a girl scout mother-daughter event during appellant=s visitation, but
appellant refused to permit appellee to take her to the event.  

Appellee testified that when appellant was in the Safe
Program, the difficulties concerning the children=s extracurricular
activities diminished.  The Safe Program permitted appellee to reschedule the
children=s visits with
appellant if they had an extracurricular activity.  Applying the appropriate
standards of review, we find that the evidence supports the trial court=s findings that
supervised visitation is in the children=s best interest.

Material
and Substantial Change








The trial court did not err in finding a material and
substantial change.  The trial court found that appellant intentionally
harassed Dr. Leftwich in an effort to subvert her testimony regarding appellant=s behavior with
the children.  The court further found that appellant violated court orders
during his periods of visitation through the Safe program, and that appellant
had not exercised his right to access to the children in more than one year
from the date of trial.  Finally, the court found that after the Safe program
suspended appellant=s right to visit the children, the
children demonstrated Amarked improvement in their emotional and
psychological well-being.@  A court=s determination as
to whether a material change of circumstances has occurred is not guided by
rigid rules and is fact-specific.  See In re Z.B.P., 109 S.W.3d 772, 779
(Tex. App.CFort Worth 2003, no pet.).  In addition to appellant=s violation of the
court=s order not to
discuss court matters with the children, the evidence showed other changes in
the circumstances of the parties.  Dr. Leftwich testified that appellant
terminated counseling because he did not think he had anger management and
parenting issues.  Dr. Leftwich testified to the contrary:  appellant had not
accepted responsibility for any of the problems in his marriage or with his
children.  The scenes he caused in the children=s presence were
evidence of his inability to control his anger.  He harassed appellee and the
children to such a degree that the court ordered supervised visitation. 

On this record, we find that the trial court had sufficient
evidence upon which to exercise its discretion.  Further, the trial court did
not err in its application of this discretion.  The record supports the trial
court=s findings and its
conclusion that the modification is in the children=s best interest
and that there has been a material and substantial change since the prior
order.  Appellant=s first, second, fourth, thirteenth,
twenty-second, twenty-fourth, and twenty-ninth issues are overruled. 

Referral to District Attorney

In his third issue, appellant contends that the trial court
abused its discretion in denying his request to refer his complaint against
appellee to the Fort Bend County District Attorney pursuant to section
156.104(b) of the Texas Family Code.  Section 156.104(a) provides that the
conviction of a parent for an offense involving the abuse of a child
constitutes a material change in circumstances sufficient to justify a
temporary order and modification of an existing court order.  Section
156.104(b) makes it an offense to file a motion to modify based on section
156.104(a) if the person who files the motion knows that the parent did not
commit an offense involving abuse of a child.  








In a post-judgment motion, appellant claimed that appellee
made allegations in her motion to modify that appellant had committed child
abuse.  Because appellant had not been convicted of child abuse, he claimed
that appellee should be referred for prosecution under section 156.104(b). 
However, the record reflects that appellee did not allege that appellant had
committed or had been convicted of child abuse. Therefore, the trial court was
under no obligation to refer the case to the District Attorney.  Appellant=s third issue is
overruled.

Constitutional Issues

In his fifth and tenth issues, appellant contends that his
First and Fourteenth Amendment rights under the United States Constitution have
been violated.  In his motion for new trial, appellant argued that the trial
court=s order was
unconstitutional because it interfered with his right to make decisions about
rearing his children.  Specifically, appellant contends that the trial court
erred in (1) prohibiting him from discussing court matters with the children
and (2) ordering the children to counseling. 

The Texas Family Code requires that the best interest of
the child is the court=s primary consideration in determining
issues of conservatorship and access.  Tex.
Fam. Code Ann. ' 153.002 (Vernon 2005).  Texas courts have
repeatedly recognized that the best interest of the child standard does not
violate federal or state constitutional principles.  In re J.R.D., 169
S.W.3d 740, 744 (Tex. App.CAustin 2005, pet. denied) (holding best
interest of the child standard does not infringe father=s fundamental
constitutional right to parent his children); In re R.D.Y., 51 S.W.3d
314, 324 (Tex. App.CHouston [1st Dist.] 2001, pet. denied)
(mother was not denied due process of law or equal protection of law based on
the court=s finding that the child=s best interest
weighed against the mother receiving overnight visitation with child); In re
H.D.O., 580 S.W.2d 421, 424 (Tex. App.CEastland 1979, no
writ) (holding best interest of the child standard does not violate the due
process clause or the equal protection clause of the Fourteenth Amendment and
does not violate Article I, Section 19 of the Texas Constitution).  Because the
best interest of the child standard does not violate federal or state
constitutional protections, appellant=s fifth and tenth
issues are overruled.

 








Bankruptcy Stay

In his sixth issue, appellant contends that the trial court
erred in proceeding to trial on appellee=s motion to modify
without determining if the bankruptcy stay had been lifted.  Section 362 of the
Bankruptcy Code specifically exempts matters Aconcerning child
custody or visitation@ from the automatic stay.  11. U.S.C. ' 362.  Therefore,
the trial court did not abuse its discretion in proceeding without a lift of
the bankruptcy stay.  Appellant=s sixth issue is overruled.

Pleadings

In his seventh issue, appellant contends that the trial
court erred in striking his pleadings for failure to replead.  The trial court
issued two orders striking appellant=s affirmative
pleadings.  The pleadings were struck for failure to replead and for appellant=s failure to
provide security for the amicus attorney=s fees.  On
appeal, appellant does not challenge the trial court=s order striking
the pleadings for failure to pay amicus fees.

On January 7, 2005, appellee filed special exceptions
alleging that appellant=s affirmative pleadings failed to comply
with Texas Rule of Civil Procedure 45 in that the pleadings contained multiple
unsubstantiated allegations of evidentiary facts designed to prejudice the
court.  After a hearing, the trial court ordered appellant to replead his
affirmative pleadings in compliance with the Rules of Civil Procedure.  On
August 2, 2006, the trial court issued a written order striking appellant=s affirmative
pleadings for failure to replead.  The trial court specifically retained
appellant=s general denial filed in response to appellee=s motion to modify. 
However, the record contains no written order granting the special exceptions;
therefore appellee waived her special exceptions.  See Gallien v. Washington
Mut. Home Loans, Inc., 209 S.W.3d 856, 862 (Tex. App.CTexarkana 2006, no
pet.).  








The trial court also struck appellant=s pleadings
pursuant to Rule 143 of the Texas Rules of Civil Procedure.  On June 28, 2006,
the trial court heard a Motion for Costs filed by the amicus attorney and
ordered the parties to pay a security deposit on the amicus attorney=s fees.  The trial
court=s order recites
that appellant and appellee were ordered to pay the amicus attorney the sum of
$2,000 no later than July 14, 2006.  The order further recites that appellee
complied with the court=s order, but that appellant, as of July
31, 2006, failed to provide any portion of the sum of $2,000.  Rule 143
provides:

A party seeking affirmative relief may be ruled to give security for
costs at any time before final judgment, upon motion of any party, or any
officer of the court interested in the costs accruing in such suit, or by the
court upon its own motion.  If such rule be entered against any party and he
failed to comply therewith on or before twenty (20) days after notice that such
rule has been entered, the claim for affirmative relief of such party shall be
dismissed.

 

Because
appellant failed to pay a deposit, his pleadings were subject to being
stricken.  See Tex. R. Civ. P. 143. 


No record of the hearing at which the trial court ordered
the amicus fees to be paid appears in the appellate record.  Therefore, we must
presume the missing hearing record supports the trial court=s order to pay the
amicus fees.  Because appellant failed to pay the fees, the trial court did not
err striking appellant=s affirmative pleadings.  Moreover, by
failing to complain of the trial court=s order striking
pleadings for failure to pay amicus fees, appellant waived error.  See Pat
Baker Co. v. Wilson, 971 S.W.2d 447, 450 (Tex. 1998) (appellate courts are
prohibited from addressing unassigned error).  Accordingly, appellant=s seventh issue is
overruled.

Counseling








In his eighth issue, appellant contends that the trial court
erred in ordering him to counseling.  The Family Code expressly grants trial
courts authority to order that conservators Aparticipate in
counseling with a mental health professional.@  Tex. Fam. Code Ann. ' 153.010(a). 
Therefore, the trial court did not abuse its discretion in ordering appellant
to counseling.  See In re L.M.M., No. 03-04-00452-CV; 2005 WL 2094758,
*10 (Tex. App.CAustin August 31, 2005, no pet.) (mem. op.). 
Appellant=s eighth issue is overruled.

Expert Testimony

In his ninth issue, appellant contends that the trial court
abused its discretion in refusing to strike Dr. Mazie Leftwich as an expert. 
After Dr. Leftwich testified on direct examination and appellant=s attorney cross-examined
her, the amicus attorney requested that Dr. Leftwich be qualified as an expert.
At that time, appellant objected to Dr. Leftwich=s testimony on the
ground that she was not qualified as an expert.  Appellant argued that under
Texas Rule of Evidence 702 and E.I. du Pont de Nemours & Co. v. Robinson,
923 S.W.2d 549 (Tex. 1995), Dr. Leftwich=s testimony was
not reliable.  

To preserve a complaint that an expert=s testimony is
unreliable, a party must object to the testimony before trial or when it is
offered.  Guadalupe-Blanco Auth. v. Kraft, 77 S.W.3d 805, 807 (Tex.
2002).  Appellant did not object to Dr. Leftwich=s testimony until
after she testified on direct examination and his attorney had cross-examined
her.  Therefore, appellant failed to preserve error, and his ninth issue is
overruled.  See Exxon Corp. v. Mafoski, 116 S.W.3d 176, 180B81 (Tex. App.CHouston [14th
Dist.] 2003, pet. denied) (the complaining party is required to make a timely
objection so that the party presenting the witness has an opportunity to cure
any defects regarding reliability).

Exclusion of Impeachment Evidence








In his eleventh issue, appellant contends that the trial
court erred in excluding evidence that would impeach appellee=s testimony.  Appellant
contends that the trial court did not permit him to present evidence of
appellee=s competency as a
parent.  In his brief, appellant alleges that appellee made false, exaggerated,
and slanderous statements, secreted the children outside of subpoena range, and
suffered from childhood abuse and mental illness.  Appellant fails to cite any
portion of the record in which he attempted to present evidence of these
allegations, the trial court=s ruling on the evidence, or what the
evidence would have been had he been permitted to present it.  

Before an appellate court will reverse a judgment based on
exclusion of evidence, the appellant must show that any error in excluding the
evidence caused the rendition of an improper judgment.  See Tex. R. App. P. 44.1(a).  Further, this
court has no duty to search a voluminous record without guidance from the
appellant to determine whether an assertion of reversible error is valid.  Melendez
v. Exxon Corp., 998 S.W.2d 266, 280 (Tex. App.CHouston [14th
Dist.] 1999, no pet.).  The failure to cite to relevant portions of the trial
court record waives appellate review.  Id.  Appellant=s eleventh issue
is overruled.

Interviews of the Children

In his twelfth issue, appellant contends that the trial
court erred in denying his motions to interview the children.  Appellant
requested that the trial court interview the children pursuant to section
153.009(b) of the Family Code.  At the time appellee=s suit affecting
the parent-child relationship was filed, the Family Code read:

When the issue of managing conservatorship is contested, on the
application of a party, the court shall interview a child 12 years of age or
older and may interview a child under 12 years of age.  Interviewing  a child
does not diminish the discretion of the court.

 

Act of
September 1, 2001, 77th Leg., ch. 1289 ' 2 (amended 2005)
(current version at Tex. Fam. Code Ann.
' 153.009(b)
(Vernon Supp. 2007)).

The issue of managing conservatorship was not before the
trial court; therefore, it did not abuse its discretion in denying appellant=s motion to
interview the children.  Appellant=s twelfth issue is
overruled.

Recusal of Trial Court








In his fourteenth issue, appellant contends that the trial
court was not impartial.  Appellant fails to cite to any portion of the record
where he raised this issue in the trial court.  Appellee states in her brief
that appellant filed two motions to recuse and that the trial court held
hearings on those motions.  The records of those hearings are not in the
appellate record.  Because appellant did not comply with Rule 34.6(c)(1) of the
Rules of Appellate Procedure, we must presume that the omitted portions of the
reporter=s record support
the trial court=s judgment.  See Van Buren, 2004 WL
1898799 at *1. Accordingly, appellant=s fourteenth issue
is overruled. 

Post-Judgment Rulings

In his fifteenth, sixteenth, and seventeenth issues,
appellant contends that the trial court erred in denying his motion for new
trial and in assessing sanctions for allegedly groundless and false accusations
made in the motion for new trial.  

Motion
for New Trial

We review a trial court=s denial of a
motion for new trial under the abuse of discretion standard.  Cliff v.
Huggins, 724 S.W.2d 778, 778 (Tex. 1987); Puri v. Mansukhani, 973
S.W.2d 701, 715 (Tex. App.CHouston [14th Dist.] 1998, no pet.). 
Appellant filed a motion for new trial on the grounds that (1) the evidence did
not support the modification of visitation, (2) there was procedural error in
the trial, and (3) he presented newly discovered evidence.  The trial court
held a hearing on the motion for new trial, but the record of that hearing is
not part of our appellate record.  Therefore, we must presume that the omitted
portions of the reporter=s record support the trial court=s ruling on the
motion for new trial.  See Van Buren, 2004 WL 1898799, at *1.

Post-Judgment
Sanctions








After appellant filed his motion for new trial, appellee
filed a motion for sanctions in which she detailed numerous legal and factual
misrepresentations made by appellant in his motion for new trial.  Due to the
egregious nature of appellant=s allegations, appellee requested
sanctions under Rule 13 of the Texas Rules of Civil Procedure in the amount of
$1,275, the attorney=s fees appellee incurred in responding to
appellant=s false allegations and misrepresentations.

Rule 13 provides that a party may seek sanctions against a
party or counsel or both if the court determines that any pleading or motion is
groundless and brought either in bad faith or for the purpose of harassment.  Tex. R. Civ. P. 13.  A pleading is
groundless if it has Ano basis in law or fact and [is] not
warranted by good faith argument for the extension, modification, or reversal
of existing law.@  Id.  Courts are to presume that
pleadings and motions are filed in good faith, and sanctions should not be
imposed except for Agood cause, the particulars of which must
be stated in the sanction order.@  Id.; Bradt
v. Sebek, 14 S.W.3d 756, 769 (Tex. App.CHouston [1st
Dist.] 2000, pet. denied).

We review a trial court=s determination to
impose sanctions under an abuse of discretion standard.  GTE Commc=ns Sys. Corp. v.
Tanner, 856 S.W.2d 725, 730B32 (Tex. 1993).  There is no abuse of
discretion if some evidence of substantive and probative character supports the
trial court=s decision or if the evidence is conflicting.  Newberry
v. Bohn-Newberry, 146 S.W.3d 233, 235 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).

The trial court held a hearing on appellee=s motions.  Helen
Mayfield, appellant=s attorney, testified that, in appellant=s motion for new
trial, she and appellant accused the trial court of Aexpert shopping to
obtain the opinion that he wishes,@ Aconducting
business in violation of the bankruptcy stay,@ and designating
unqualified experts and refusing to permit the qualifications of the expert to
be challenged.  They further accused Robert Thomas, the amicus attorney, of
taking the children out of reach of the subpoena after they were served. 
Thomas testified that when the subpoenas were served, the children were away at
summer camp outside of the reach of the subpoenas.  Thomas testified that he
did not take the children out of reach of the subpoenas.  








At the conclusion of the testimony, the trial court found
good cause to assess sanctions, Aas a result of
numerous allegations contained within Christopher Joseph McCloskey=s Motion for
New Trial which Helen Tyne Mayfield and Christopher Joseph McCloskey knew
to be groundless and false, and which were groundless and brought in bad faith,
and which Helen Tyne Mayfield and Christopher Joseph McCloskey knew lacked
evidentiary support[.]@  We find the evidence at the hearing is
sufficient to support the trial court=s assessment of
sanctions.  Appellant=s fifteenth, sixteenth, and seventeenth
issues are overruled.

Attorney=s Fees

In his twenty-fifth issue, appellant contends that the
trial court erred in characterizing attorney=s fees as child
support.  In a suit affecting the parent‑child relationship, the Family
Code provides that a trial court Amay order
reasonable attorney=s fees as costs@ and that such
fees Amay be enforced
... by any means available for the enforcement of a judgment for debt.@  Tex. Fam. Code Ann. ' 106.002 (Vernon
2005).  Although attorney=s fees may be taxed as child support in
suits brought to enforce a child support order, courts distinguish between fees
awarded in the original divorce action and fees awarded in suits brought to
modify a child support order because of the consequences that follow from
characterizing the fees as child support.  See Roosth v. Daggett,
869 S.W.2d 634, 637 (Tex. App.CHouston [14th Dist.] 1994, orig.
proceeding).  Texas law prohibits imprisoning a person for debt and collecting
attorney=s fees by contempt
proceedings. See Tex. Const.
art. I, ' 18; Wallace v.
Briggs, 162 Tex. 485, 348 S.W.2d 523, 525B26 (1961). 
However, attorney=s fees and costs awarded in proceedings to
enforce child support payments are not considered debt and may be enforced
through a contempt judgment.  Tex. Fam.
Code Ann. ' 157.167.  Furthermore, a decree that
awards attorney=s fees characterized as child support
could result in garnishment of the obligor=s wages and loss
of the obligor=s professional licenses in a suit brought to enforce
the decree.  See Tex. Const.
art. XVI, ' 28; Tex. Fam.
Code Ann. ' 232.003 (Vernon 2005). 








In this case, the trial court ordered Athat the attorney=s fees, expenses,
and costs, which were incurred in relation to the children, are in the nature
of child support[.]@  Because this is not a case of child
support enforcement, the trial court erred in characterizing the attorney=s fees as child
support.  See In re Moers, 104 S.W.3d 609, 612 (Tex. App.CHouston [1st
Dist.] 2003, no pet.); Roosth, 869 S.W.2d at 637.  Appellant=s twenty-fifth
issue is sustained and the judgment is modified to delete the characterization
of attorney=s fees as child support.

In issues eighteen through twenty-three and twenty-six
through twenty-eight, appellant refers the court to discussions in issues one
through fifteen, seventeen, and twenty.  Because we have overruled issues one
through fifteen, seventeen, and twenty, issues eighteen through twenty-three
and twenty-six through twenty-eight are overruled.

Conclusion

The judgment of the trial court is modified to delete any
reference to the characterization of attorney=s fees as Achild support,@ or Ain the nature of
child support.@  In all other respects, the judgment of the trial
court is affirmed.

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed September 9, 2008.

Panel consists of
Chief Justice Hedges and Justices Boyce, and Price.*









*  Senior Justice Frank C. Price sitting by assignment.