# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00311-CV

### In the Interest of J. R. D. and T. C. D.

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
## NO. FM002362, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## O P I N I O N

Roger Duck appeals from a modification order in a suit affecting the parent-child relationship. After a hearing, the district court entered an order granting the petition to increase Duck's time with his sons to include Thursday overnights but otherwise denied a further increase in the possession schedule and a reduction in child support. On appeal, Duck challenges the court's failure to decrease child support and to grant further modification of the possession schedule, and the court's finding that it was not in the children's best interest to implement a 50-50 division of periods of possession. Because the evidence supports the district court's conclusion and because we cannot say that the court abused its discretion or otherwise committed error, we affirm the court's order.

Upon their divorce in June 2000, Roger Duck and Melanie Williamson were named joint managing conservators of their two sons, ages 6 and 3; Williamson was named as the parent with the right to establish the children's primary residence. The possession schedule and the amount

of child support in the divorce decree were set by agreement. Apart from limited incidents, the parties agree that they are both good parents.

Because of financial difficulties, in 2002, Duck petitioned for modification of the amount of his child support obligation. Again, the parties reached an agreement and, in accordance with their agreement, the district court reduced his monthly child support from $1500 per month to $750 per month.

Although Duck's financial situation had not changed, he filed a second petition for modification in February 2003, seeking to reduce further the amount of his child support obligation. After Duck failed to pay the court-ordered amount of child support and advised Williamson that he would begin sending her $250 per month rather than the court-ordered amount, Williamson filed a motion to enforce, and Duck was found in contempt for failure to pay child support. He proposed that the children should spend alternate nights with him. Williamson rejected this "ping-pong" proposal because it would unduly disrupt the children's schedule. She would not agree to Duck's request for additional time and urged that he exercise the full amount of time set forth in the possession schedule of the original divorce decree. Duck then amended his petition seeking an increase in his periods of possession of the couple's sons to include overnights on Sundays, Mondays, and Thursdays.[1]

---

[1] Duck previously had Monday and Thursday evenings with his sons until 8:30 p.m. and Sunday evenings on his weekends until 6:00 p.m.

After a hearing on the petition to modify, the court entered an order modifying the possession schedule to allow Duck to keep the children overnight on Thursdays as permitted by an election under the standard possession schedule. The district court denied Duck's request for Sunday and Monday overnight possession and declined to order a change in Duck's child support obligation.

Under the applicable portions of section 156.101 of the Texas Family Code, the district court may modify the conservatorship of a child only if the modification is in the child's best interest, and the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the date of rendition of the order. *See* Tex. Fam. Code Ann. § 156.101 (West Supp. 2004-05). The party moving for modification has the burden of proving the occurrence of "material and substantial change." *In re Knott*, 118 S.W.3d 899, 902 (Tex. App.—Texarkana 2003, no pet.); *In re P.D.M.*, 117 S.W.3d 453, 463 (Tex. App.—Fort Worth 2003, pet. denied).

We review the district court's modification order under an abuse of discretion standard. We give wide latitude to a trial court's decision on custody, control, possession, child support, and visitation, and will reverse the order only if it appears from the record as a whole that the trial court abused its discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982) (applying abuse of discretion standard with regard to possession order); *In re C.P.J.*, 129 S.W.3d 573, 576 (Tex. App.—Dallas 2003, pet. denied). The trial court is in a better position to determine what will be in the best interest of the child since it faced the parties and their witnesses, observed their demeanor, and had the opportunity to evaluate the claims made by each parent. *Martinez v.*

3

*Molinar*, 953 S.W.2d 399, 403 (Tex. App.—El Paso 1997, no writ). Its judgment will not be disturbed on appeal unless there has been a clear abuse of discretion. *Id.*

A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (applying abuse of discretion standard with regard to child support order). The determination of conservatorship issues is guided by the best interest of the child and is "intensely fact driven." *Lenz v. Lenz*, 79 S.W.3d 10, 19 (Tex. 2002). Under an abuse of discretion standard, legal and factual insufficiency are relevant factors in assessing whether the district court abused its discretion. *See*, *e.g.*, *Norris v. Norris*, 56 S.W.3d 333, 338 (Tex. App.—El Paso 2001, no pet.).

Duck raises constitutional and statutory challenges to the court's order. He contends that the court erred regarding the amount of his access to and possession of the children because he is constitutionally entitled to equal time with them. A constitutional analysis must begin with a presumption of the statute's validity. *General Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001). The burden is on the party seeking to rebut the presumption of statutory validity. *Id.* As mandated by statute, the best interest of the child is the court's primary consideration in determining conservatorship and access. Tex. Fam. Code Ann. § 153.002 (West 2002). "Joint managing conservatorship does not require the award of equal or nearly equal periods of physical possession of and access to the child to each of the joint conservators." *Id.* § 153.135 (West 2002). "The standard possession order . . . constitutes a presumptive minimum amount of time for possession of a child by a parent named as a joint managing conservator who is not awarded the exclusive right to designate the primary physical residence of the child in a suit." *Id.* § 153.137

4

(West Supp. 2004-05). There is a rebuttable presumption that the standard visitation order provides reasonable minimum possession of a child for a parent named as a joint managing conservator and that such possession is in the best interest of the child. *Id*. § 153.252 (West 2002).

Although the court modified the possession schedule to allow Duck's children to stay overnight with him on Thursdays,[2] Duck also sought Sunday night possession, claiming that he has an "absolute right" to Sunday overnight stays by statute. *See id.* § 153.317 (West Supp. 2004-05); *see also In re Davis*, 30 S.W.3d 609, 612 (Tex. App.—Texarkana 2000, no pet.). Duck, however, failed to justify his request for Sunday night possession by showing the court that his circumstances or those of his children had materially and substantially changed since the rendition of the last modification order on April 19, 2002.[3] Tex. Fam. Code Ann. § 153.317; *Davis*, 30 S.W.3d at 612-13 (Sunday overnight stays justified by finding of substantial change that occurred in five years since entry of prior order). Thus, Duck did not have an "absolute right" to the Sunday overnight possession. Moreover, Duck agrees that the children have flourished under the current possession agreement.

The possession schedule in this case follows the standard possession schedule except that Duck is afforded additional possession time on Mondays from the time school dismisses until 8:00 p.m. and for Monday overnights in summer. This is a presumptively reasonable possession

---

[2] Because Williamson does not complain about the court's grant of Thursday night possession to Duck or whether a material and substantial change in circumstances justified such a modification, we do not address this issue.

[3] The court signed an order granting Duck's petition to modify in suit affecting the parent-child relationship on April 19, 2002. Less than a year later, on February 4, 2003, Duck again filed for modification. His amended petition of December 4, 2003, was the live pleading at the time of the hearing on December 18, 2003.

5

schedule that the district court found to be in the children's best interest. *Id*. § 153.252. We find sufficient evidentiary support for the balance the district court struck in modifying the standard order and find no support in the record for further altering the schedule.

Duck further lodges a constitutional challenge to the court's use of the best-interest-of-the-children standard, claiming that it interferes with his fundamental right to parent his children and does not serve a compelling state interest. It is clear from the record that, with minor lapses, both parents are and strive to be good and fit parents. From this, Duck argues that good parents should have substantially equal periods of possession with their children. After reviewing the record, we cannot locate any testimony by Duck that his proposal would be in the best interest of the children. Indeed, at one point the district court admonished Duck to focus on the interest of the children, rather than his own best interest. Duck responded that "the best interest of the children cannot be at the expense of my constitutional rights." While there is a statutory presumption that the parents be appointed joint managing conservators, there is no comparable statutory presumption that the award of equal periods of possession is in the children's best interest. *Compare id*. § 153.131(b) (West 2002) *with id.* § 153.135. Duck did not identify any case that found a constitutional infringement based on a court's order of unequal possession periods for divorced parents. Moreover, the Supreme Court has expressly recognized that the "best interest of the children" is the proper standard for resolving disputes between parents on custody issues. *Reno v. Flores*, 507 U.S. 292, 303–04 (1993); *In re H.D.O.*, 580 S.W.2d 421, 424 (Tex. App.—Eastland 1979, no writ) (holding "best interest of the child" standard does not violate federal constitutional principles); *see also In re R.D.Y.*, 51 S.W.3d 314, 324 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (mother not denied

6

due process of law or equal protection of law based on court's finding that child's best interest weighed against mother's possession for overnight visitation).

Duck also contends that the district court abused its discretion by refusing to further reduce the amount of child support because Williamson had the same or similar financial resources as he did and a greater obligation had been imposed on him as a male and the father. Duck did not meet his statutory burden of demonstrating a reason for reducing his child support obligation. Nor is there anything in the record to support his claim that the court arbitrarily imposed child support obligations upon him in violation of his constitutional rights as a parent. In 2002, Duck and Williamson agreed to an order reducing his monthly obligation to $750; he testified at the hearing that his income had not changed since that time. His testimony does not support deviation from the child support guidelines. *See* Tex. Fam. Code Ann. § 154.123(a) (West 2002). Nor does continuation of the $750 support set in his prior agreement constitute "gender discrimination" by the court. Because Duck's income has not changed since he agreed to the modification in 2002, the amount of child support being paid is well within the presumptively reasonable amount established by the Texas Family Code's guidelines, and he did not produce evidence justifying variance from the guidelines, we conclude that the district court did not rest its determination on any improper consideration and did not abuse its discretion in denying Duck's requested reduction.

After observing the parties and their witnesses, their demeanor, and the validity of their claims, the district court found that Duck had failed to carry his burden of proving a material and substantial change with respect to the possession schedule and child support. Both are well within statutory guidelines. Giving great deference to the district court's judgment and in light of

the statutory provision expressly mandating that equal possession is not required, we would be hard pressed to conclude that the district court's ruling was made without reference to any guiding rules and principles.

Having overruled Duck's issues, we affirm the district court's order.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear:  Opinion by Justice Patterson;
    Concurring Opinion by Justice Puryear

Affirmed

Filed:  July 14, 2005