# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00795-CV

**Orlando Marquez, Appellant**

**v.**

**Cynthia Cantu, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. D-1-FM-17-001274, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this appeal from a suit affecting the parent-child relationship, Orlando Marquez, acting pro se, appeals from the trial court's final order that appointed the parties joint managing conservators of the parties' child, awarded a judgment against Marquez for past-due child support based on the trial court's temporary orders, ordered Marquez to pay child support going forward, and ordered modified standard possession. In three issues, Marquez complains about the judgment for past-due child support and the unequal division between the parties of their respective periods of possession of the child. For the following reasons, we affirm the trial court's final order.

## Background[1]

In February 2017, Cynthia Cantu filed an original petition in suit affecting the parent-child relationship. In her petition, she alleged that she and Marquez, the parents of the child, "are or will be separated."[2] She sought to have the parties appointed joint managing conservators of the child, who was born in November 2014; for Cantu to be designated the conservator with the exclusive right to designate the primary residence of the child; and for Marquez to be ordered to pay child support. She also sought temporary orders during the pendency of the case.

The trial court heard Cantu's motion for temporary orders on March 9, 2017. During the hearing, the trial court ordered Marquez to pay child support of $575.00 monthly, with the first payment due April 15, 2017.[3] The trial court signed the temporary orders on October 30, 2017, reflecting its March ruling, and then proceeded directly to the hearing on the merits.

Following the hearing on the merits, the trial court signed its final order, which is the subject of this appeal. In its order, the trial court appointed the parties joint managing conservators of the child; designated Cantu as the conservator with the exclusive right to designate the primary residence of the child; awarded judgment against Marquez in the amount of $4,025.00 plus interest, the amount of past-due child support that the trial court ordered in the temporary orders; ordered

---

[1] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

[2] The record reflects that the parties were not married to each other.

[3] The record does not include a transcript from the March 2017 hearing, but it includes the "Judge's Notes" from the hearing, which state that Marquez is "to pay $575 CS beg 4/15/17." Marquez does not dispute that the trial court ordered him to pay child support at the March 2017 hearing.

Marquez to pay child support to Cantu in the amount of $575.00 on a monthly basis going forward; and ordered a modified standard possession schedule that gave Cantu significantly more possession of the child but that accounted for Marquez's work schedule as to his designated periods of possession. This appeal followed.

**Analysis**

**Child Support Obligations in Temporary Orders**

In his first issue, Marquez argues that "the lower court is barred from involvement in Title IV-D support matters when no temporary orders existed." He appears to be challenging the portion of the final order that granted a judgment against him for past-due child support because the temporary orders were not signed until October 30, the day of the hearing on the merits. In its final order, the trial court found that: (i) at the hearing in March 2017, the court "ordered [Marquez] to pay current child support of $575.00 per month, beginning on April 1, 2017 and a like payment being due and payable on the 15th day of each month thereafter until further order of the Court" and (ii) Marquez "[was] in arrears in the amount of $4,025.00 as of October 30, 2017." Based on these findings, the trial court in its final order granted judgment against Marquez on the past-due amounts and ordered him to pay $100.00 monthly until the arrearage was paid in full.

As an initial matter, we observe that Marquez has failed to support this issue with appropriate citations to authorities or the record. *See* Tex. R. App. P. 38.1(i) (requiring "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *see Davis v. American Express Bank*, No. 03-12-00564-CV, 2014 Tex. App. LEXIS 9662, at *7 (Tex. App.—Austin Aug. 29, 2014, no pet.) (mem. op.) (noting that "[a]ppellate issues must

3

be supported by argument and authority, and if they are not so supported, they are waived"); *Lee v. Kaufman*, No. 03-10-00148-CV, 2011 Tex. App. LEXIS 6969, at *9–10 (Tex. App.—Austin Aug. 26, 2011, no pet.) (mem. op.) (finding issue waived that was not supported "with arguments, legal authority, or citations to the record"). "[P]ro se appellants are held to the same standard as parties represented by counsel to avoid giving unrepresented parties an advantage over represented parties." *Stewart v. Texas Health & Human Servs. Comm'n*, No. 03-09-00226-CV, 2010 Tex. App. LEXIS 9787, at *5–6 & n.1 (Tex. App.—Austin Dec. 9, 2010, no pet.) (mem. op.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). Holding Marquez to this standard, we conclude that he has waived his first issue by failing to support it with appropriate citations to authorities and the record. *See* Tex. R. App. P. 38.1(i).

Further, the record includes the temporary orders signed by the trial court that reflect its ruling at the March 2017 hearing. Although Marquez challenges the enforceabilty of the child support obligations in the temporary orders because the orders were not signed until October 30, he has not cited, and we have not found, authority to support this position. At the hearing on the merits, Marquez did not dispute that the trial court had ordered him at the March 2017 hearing to pay $575.00 in child support on a monthly basis and, when asked by the court at the hearing what he proposed to pay Cantu monthly to start catching up, he suggested paying "maybe about a hundred monthly," which is the amount that the trial court ordered him to pay monthly until the arrearage was paid in full. For these reasons, we overrule his first issue.

4

**Due Process Complaint**

In his second issue, Marquez raises due process concerns based on the modified standard possession in the trial court's final order that granted unequal periods of possession of the child. He argues that "the lower court must surpass pre-deprivation due process hurdles before it may then remove parental conservatorship rights of and to their natural born children creating inequality in two fit parents." He argues that he is constitutionally entitled to equal periods of possession with the child and that a court may not reduce a parent's equal periods of possession without first making a finding "by clear and convincing evidence" that the parent is "seriously unfit (allegations of very serious child abuse and/or very serious child neglect . . .)."

Among her arguments in response, Cantu argues that Marquez has failed to preserve this issue for our review. To preserve a complaint for appellant review, a party generally must present a timely request, objection, or motion, state the specific grounds therefor, and obtain a ruling from the trial court. *See* Tex. R. App. P. 33.1. And the preservation requirement generally applies to due process challenges. *See Low v. Henry*, 221 S.W.3d 609, 619 (Tex. 2007) (concluding that relevance objection did not preserve due process complaint based on lack of notice); *In re L.M.I.*, 119 S.W.3d 707, 710–11 (Tex. 2003) (holding that due process argument that appellant was raising with appellate court was not preserved below). Although Marquez sought "50/50 of possession" during the final hearing, he did not raise his due process argument with the trial court.[4] Thus, he has failed to preserve this issue for our review. *See* Tex. R. App. P. 33.1.

---

[4] As support for his request for equal possession, Marquez explained to the trial court that he worked 35 hours per week as compared with Cantu's work schedule of "45 hours minimum," and he was "responsible for no one else" and lived on his own as compared with Cantu who "[had] a teenaged son at the house and a disabled mother."

Further, even if he had preserved his due process argument for our review, we would not find it to have merit. We recognize that the Due Process Clause of the Fourteenth Amendment of the United States Constitution protects parents' fundamental rights to make decisions concerning the care, custody, and control of their children. *See Troxel v. Granville*, 530 U.S. 57, 65–66, 75 (2000) (discussing cases addressing due process rights concerning parent's care, custody, and control of children and holding that application of nonparental visitation statute violated parent's "due process right to make decisions concerning the care, custody, and control of her daughters"); *In re M.S.*, 115 S.W.3d 534, 547–48 (Tex. 2003) (discussing right of parent to maintain custody and raise child in context of State's termination of parental rights).

The Texas Family Code, however, specifically provides that "[j]oint managing conservatorship does not require the award of equal or nearly equal periods of physical possession of and access to the child to each of the joint conservators," Tex. Fam. Code § 153.135, and that the best interest of the child is always the primary consideration, *id.* § 153.002 ("The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child."). There also is a statutory rebuttable presumption that a standard possession order "provides reasonable minimum possession of a child for a parent named as a possessory conservator or a joint managing conservator" and that it "is in the best interest of the child." *Id.* § 153.252. Further, we may not disturb the trial court's determinations as to the appropriate division of possession between the parties unless a clear abuse of discretion is shown. *See Lenz v. Lenz*, 79 S.W.3d 10, 19 (Tex. 2002) (explaining that "[s]uits affecting the parent-child relationship are intensely fact driven, which is why courts have developed best-interest

tests that consider and balance numerous factors"); *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied) (explaining that conservatorship decisions are within discretion of trial court and will not be disturbed unless "clear abuse of discretion" is shown and describing abuse of discretion standard of review).

At the time of the hearing on the merits, the child was just a few weeks short of his third birthday, had been residing with Cantu, and had not been staying overnight with Marquez. *See* Tex. Fam. Code § 153.254 (listing "relevant factors" for court to consider when rendering order for possession of child less than three years of age, including "caregiving provided to the child before and during the current suit"). The trial court also modified the standard possession order in favor of Marquez to accommodate his work schedule. Although we are sympathetic to Marquez's request for equal periods of possession, on this record, we could not conclude that Marquez rebutted the presumption that the unequal periods of possession as determined by the trial court were reasonable and in the best interest of the child, *see id.* § 153.252, or that he has shown an infringement of his constitutional due process rights based on the unequal periods of possession, *see In re J.R.D.*, 169 S.W.3d 740, 744 (Tex. App.—Austin 2005, pet. denied) (rejecting parent's argument that "good parents should have substantially equal periods of possession with their children" and noting that parent had not identified case that "found a constitutional infringement based on a court's order of unequal possession periods for divorced parents"); *see also Lenz*, 79 S.W.3d at 19; *Zeifman*, 212 S.W.3d at 587.

On these bases, we overrule Marquez's second issue.

7

**Gender Discrimination Complaint**

In his third issue, Marquez argues that the trial court's "ruling violated U.S. laws and the Texas Family Code when it applied its discriminatory discretion in its ruling." More specifically, he argues that the trial court was personally biased against him based on his sex. When determining the terms and conditions of conservatorship and possession and access to the child, the trial court is required to "consider the qualifications of the parties without regard to their marital status or to the sex of the party or the child." Tex. Fam. Code § 153.003(3).

Marquez, however, failed to preserve this issue for our review. Marquez did not raise the issue of personal bias with the trial court, such as by seeking the recusal of the trial judge. *See* Tex. R. Civ. P. 18a (setting forth procedures for recusal and disqualification of judges); *see also* Tex. R. App. P. 33.1(a); *Barron v. State Attorney Gen.*, 108 S.W.3d 379, 382 (Tex. App.—Tyler 2003, no pet.) (noting that "procedural requisites for recusal in Rule 18a(a) are mandatory, and a party who fails to conform waives his right to complain of a judge's failure to recuse").

Further, even if Marquez had preserved this issue for our review, nothing in the record supports his contention that the trial court improperly considered Marquez's sex or made its determinations on possession based on the sex or gender of a party. *See* Tex. Fam. Code § 153.003(3). The only discussion of gender occurred after the trial court had already made its ruling. Marquez asked the trial court if its ruling was "based on gender," and the trial court answered "[n]o," explaining that "[Cantu]'s the primary caregiver and that's how it's been." Marquez and the trial court then had the following exchange:

8

Marquez:        It's based on gender.

Trial Court:    She's the primary caregiver, which is often the female in this society.

Marquez:        That's right.  It's often, but this is—

Trial Court:    But this is—

Marquez:        —it's equal rights.  It's what I'm here for.

Trial Court:    I've made my ruling.  I'm not arguing about it with you. . . .

On this record, we could not conclude that Marquez has shown that the trial court improperly considered the parties' qualifications with regard to their sex. *See* Tex. Fam. Code § 153.003(3). We overrule his third issue.

## Conclusion

Having overruled Marquez's issues, we affirm the trial court's final order.[5]

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   July 25, 2018

---

[5] To the extent that Marquez raises new arguments in his reply brief, they are waived, and we do not consider them. *See McAlester Fuel Co. v. Smith Int'l, Inc.*, 257 S.W.3d 732, 737 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("An issue raised for the first time in a reply brief is ordinarily waived and need not be considered by this Court."); *Hutchison v. Pharris*, 158 S.W.3d 554, 564 (Tex. App.—Fort Worth 2005, no pet.) (same).