

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00271-CV

## IN THE MATTER OF THE MARRIAGE OF
## REBECCA ANN STIVERS AND EDDIE LACY STIVERS

**From the 249th District Court
Somervell County, Texas
Trial Court No. D05251**

## MEMORANDUM OPINION

In ten issues, appellant, Eddie Lacy Stivers, complains about the final decree

entered by the trial court in his divorce from appellee, Rebecca Ann Stivers.[1]  Because we

overrule all of appellant's issues, we affirm the judgment of the trial court.

### I.  BACKGROUND

On December 21, 2015, appellee filed a pro se original petition for divorce from

appellant, who is currently incarcerated in the Institutional Division of the Texas

Department of Criminal Justice.  According to the decree, appellant is serving two eighty-

---

[1] Both appellant and appellee have filed pro se briefs in this matter.

five-year sentences for "Aggravated Theft of Property $200,000 or More, and Fraudulent Sale of Securities Over $100,000, respectively" and a twenty-year sentence for "Fraudulent Sale of Securities $10,000-$100,000." After a hearing in which appellant participated telephonically, the trial court granted appellee's request for divorce and entered a final decree. It is from this final divorce decree that appellant appeals.

## II. APPELLANT'S ISSUES

At the outset, we note that, although appellant alleges ten issues in his pro se appellant's brief, he did not organize the argument section of his brief by issue. Rather, he combined all of his issues into a few lengthy paragraphs under the generic subheading, "BRIEF IN SUPPORT OF GROUNDS FOR REVIEW." With that in mind, we will endeavor to address each of appellant's issues to the extent that we can ascertain appellant's arguments.

In his first two issues, appellant appears to complain that he received improper notice of the hearing and, thus, was deprived of his right to a trial by jury. In making these arguments, appellant does not cite to any relevant authority in support of his contention, other than a generic reference to the Seventh Amendment of the United States Constitution. *See* U.S. CONST. amend. VIII. Arguably, this issue is inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

However, even if appellant had adequately briefed this issue, a review of the record demonstrates that his complaints in these two issues lack merit. Specifically, the

record includes an affidavit of service executed by Tina Peters, who indicated that she personally served a true copy of the citation with original petition for divorce on appellant at the Lon Evans Correction Center, 600 W. Weatherford St., Fort Worth, Tarrant County, Texas, 76102. Additionally, the record also includes a signed order setting a hearing on the divorce petition for July 26, 2017, at 1:30 p.m. in the 249th District Court, Somervell County, Texas. In this order, the trial court requested that appellant "be made available to appear by phone from the Alfred Hughes Unit in Gatesville by telephone."[2] Appellant responded to this notice by filing a pro se motion for temporary injunction and motion for continuance. He also participated in the final hearing via teleconference. Accordingly, based on the foregoing record evidence, we cannot say that appellant failed to receive notice of either the divorce petition or the hearing on the petition. *See* TEX. R. CIV. P. 21; *see also Mathis v. Lockwood*, 166 S.W.3d 743, 746 (Tex. 2005) (per curiam) (noting that due process of law requires notice in accordance with the Texas Rules of Civil Procedure); *Tanksley v. CitiCapital Commercial Corp.*, 145 S.W.3d 760, 763 (Tex. App.—Dallas 2004, pet. denied) (stating that Texas Rule of Civil Procedure 21 governs notice of trial settings).

---

[2] This order was filed in the Somervell County District Clerk's Office on July 5, 2017. The order also indicates that it was signed by the trial judge on June 15, 2016. We believe this to be a scrivener's error and that the order should reflect that it was signed on June 15, 2017. Nevertheless, appellant filed his responsive motion on July 24, 2017, which negates any argument of lack of notice of the hearing.

Additionally, the record does not reflect that appellant ever made a written jury request in this matter. *See* TEX. R. CIV. P. 216(a) ("No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance."). As such, appellant waived his right to a trial by jury in this matter by failing to file a written jury request. *See id.* We overrule appellant's first two issues.

In his third issue, appellant complains that he was denied a fair trial due to a purportedly inaudible teleconference. Once again, besides his complaint, appellant does not cite to any authority supporting his contention. Therefore, we conclude that this issue is also inadequately briefed. *See* TEX. R. APP. P. 38.1(i). However, even if this issue was adequately briefed, a review of the record indicates that appellant actively participated in the complained-of hearing and that responses were repeated on the few occasions where appellant contended that he could not hear. *See Boddle v. Connecticut*, 401 U.S. 371, 377, 91 S. Ct. 780, 785, 28 L. Ed. 2d 113 (1971) ("[D]ue process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard."); *see also In re D.W.*, 498 S.W.3d 100, 112 (Tex. App.—Houston [1st Dist.] 2016, no pet.). In sum, there is nothing in the record demonstrating that appellant's participation in the trial via teleconference somehow

denied him a meaningful opportunity to be heard so as to deprive him of his right to a fair trial. Accordingly, we overrule appellant's third issue.

In his fourth and fifth issues, appellant complains about the provisions of the divorce decree pertaining to visitation and communication with the couple's three children. Appellant argues that the restrictions on his visitation and communication with his children are tantamount to a termination of his parental rights.

"With regard to issues of custody, control, possession, child support, and visitation, we give the trial court wide latitude and will reverse the trial court's order only if it appears from the record as a whole that the trial court abused its discretion." *Garza v. Garza*, 217 S.W.3d 538, 551 (Tex. App.—San Antonio 2006, no pet.) (citing *In re J.R.D.*, 169 S.W.3d 740, 743 (Tex. App.—Austin 2005, pet. denied)). "Because the trial court is faced with the parties and their witnesses and observes their demeanor, it is in a better position to evaluate what will be in the best interest of the children." *Id.* at 551-52. A trial court abuses its discretion when it acts "without reference to any guiding rules or principles," or stated another way, when it acts in an arbitrary and unreasonable manner. *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and its findings will not be disturbed if there is evidence of probative force to support them. *London v. London*, 192 S.W.3d 6, 14 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

"[W]hen a trial court appoints a parent possessory conservator, it can conclude that unrestricted possession would endanger the physical or emotional welfare of the child, but that restricted possession or access would not." *In re Walters*, 39 S.W.3d 280, 286 (Tex. App.—Texarkana 2001, no pet.). "The court can also conclude that access would not endanger the physical or emotional welfare of the child, but that access is not in the best interest of the child." *Id.* (citing *Hopkins v. Hopkins*, 853 S.W.2d 134, 137-38 (Tex. App.—Corpus Christi 1993, no writ)). The limitations on a parent's right to possession of or access to the child "may not exceed those that are required to protect the best interest of the child." TEX. FAM. CODE ANN. § 153.193 (West 2014). Thus, an order in which the court completely denies access to the child requires the trial court to find that denial of access is in the best interest of the child. *See id.*

Uncontroverted testimony that visiting a parent in prison is not in the child's best interest is sufficient to support a trial court's finding that a prohibition on visitation in prison is in the best interest of the child. *See, e.g., In re I.C.N.*, No. 11-13-00105-CV, 2014 Tex. App. LEXIS 6120, at *5 (Tex. App.—Eastland June 5, 2014, no pet.) (mem. op.) (citing *In re T.R.D.*, No. 03-09-00150-CV, 2010 Tex. App. LEXIS 4581, at *11 (Tex. App.—Austin June 18, 2010, no pet.) (mem. op.)). In *T.R.D.*, the child's mother was in prison, and her parents sought custody of the child. 2010 Tex. App. LEXIS 4581, at *1. The grandfather testified at trial that he believed visitation was unworkable and not in the child's best interest and that the child's counselor recommended that the child not visit his mother in

prison. *Id.* at *4. The mother failed to contest this testimony or show that a prohibition on visitation was not in the best interest of the child. *Id.* at *10. The Austin Court of Appeals noted that, while "confinement to prison is not alone sufficient to prohibit visitation," uncontroverted evidence that visitation was not in the best interest of the child was sufficient to support a prohibition on visitation. *Id.* at *11.

Factors that may be considered in deciding what is in the best interest of the children include:

> (1) The desires of the children, (2) the emotional and physical needs of the children now and in the future, (3) the emotional and physical danger to the children now and in the future, (4) the parental abilities of the individuals involved, (5) the programs available to those individuals to promote the best interest of the children, (6) the plans for the children by these individuals, (7) the stability of the home, (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not proper, and (9) any excuse for the acts or omissions of the parent.

*In re A.C.S.*, 157 S.W.3d 9, 24 (Tex. App.—Waco 2004, no pet.) (citing *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976); *In re C.R.O.*, 96 S.W.3d 442, 451 (Tex. App.—Amarillo 2002, pet. denied); *Bates v. Tesar*, 81 S.W.3d 411, 434 (Tex. App.—El Paso 2002, no pet.)). These factors are not exhaustive, but simply indicate factors that have been or could be pertinent. *See Holley*, 544 S.W.2d at 371-72; *see also Smith v. Dep't of Family & Protective Servs.*, No. 01-07-00648-CV, 2008 Tex. App. LEXIS 4568, at *22 (Tex. App.—Houston [1st Dist.] June 19, 2008, no pet.) (mem. op.) ("We note absence of evidence regarding some of the *Holley* factors is not determinative.").

In the divorce decree, the trial court ordered that appellant shall have e-mail and telephonic access to the children as follows:

i.        The children shall be allowed to communicate via e-mail with Eddie Lacy Stivers at their convenience. Petitioner is ORDERED to assist the children in setting-up an e-mail account;

ii.       Eddie Lacy Stivers shall be allowed to communicate with the children via cellular telephone each Sunday at 6:00 p.m. Eddie Lasy [sic] Stivers shall initiate the telephone call;

iii.      The cellular telephone the children shall solely use for communication shall be provided to the children by Eddie Lacy Stivers, at his sole cost and expense, which telephone shall also have data service available for the children to use as the sole means of sending e-mails to Eddie Lacy Stivers;

iv.      Eddie Lacy Stivers shall have his brother, Richard Wall, mail the cellular telephone to Rebecca Ann Stivers . . .; and

v.       Eddie Lacy Stivers shall not contact the children via the cellular telephone provided to the children except as set forth herein.

The divorce decree also afforded appellant the right to mail letters and cards to the children and for the children to mail cards and letters to him.

At the hearing, appellee testified that it was a hardship for her to transport the children to visit appellant on any certain weekend because she works weekends to support the children. She also testified that, although she used to take the children to see appellant on a regular basis, she no longer believes it is in the best interest of the children to have physical contact with appellant. Appellee also noted that the children do not want to go to the prison to see appellant and that the children do not wish to write

appellant. According to appellee, the children have said "no, we don't—we don't want to. He chose money over us, and he loves money more than he loves us. That is their feelings."

Appellant elicited testimony from appellee that he was a good father "[s]ometimes, when you wanted to be." Appellee also admitted that appellant would sometimes take the children to pitching lessons and that he would throw elaborate birthday parties. However, he offered no evidence that the contact he currently seeks with his children is in the best interest of the children. In other words, appellant did not proffer controverting evidence that visiting him in prison or expanding his access to the children while he is in prison is in the children's best interest. Furthermore, it is noteworthy that the e-mail and cellular telephone access contained in the divorce decree was appellant's idea, and the amicus attorney representing the children agreed that this type of access to the children was a good idea. We therefore conclude that appellant has failed to demonstrate that the trial court abused its discretion in determining appellant's visitation and access to the children. *See Garza*, 217 S.W.3d at 551; *In re J.R.D.*, 169 S.W.3d at 743; *see also In re I.C.N.*, 2014 Tex. App. LEXIS 6120, at *5; *In re T.R.D.*, 2010 Tex. App. LEXIS 4581, at *11.

Appellant also contends that the trial court's decision regarding visitation and access violates his constitutional rights and is tantamount to a termination of his parental rights to his children. A parent's rights to the companionship, care, custody, and

management of his or her children are constitutional interests deemed far more precious than any property right. *Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 1397, 71 L. Ed. 2d 599 (1982); *In re M.S.*, 115 S.W.3d 534, 537 (Tex. 2003). However, parental rights are not absolute. *In re C.H.*, 89 S.W.3d 17, 26 (Tex. 2002). The emotional and physical interests of the child must not be sacrificed to preserve the parent-child relationship. *Id.*

Here, the trial court did not sever the legal parent-child relationship between appellant and his children. And although appellant alleges that his children have not visited him in years, the trial court did not bar him from communicating with his children using other forms. Furthermore, the trial court's decision to name appellant possessory conservator allows for the possibility of modification of visitation and access if circumstances change. *See* TEX. FAM. CODE ANN. § 156.001 (West 2014). The trial court considered all of the evidence before it and the various interests at stake, and struck this balance in favor of the children's best interests. Based on our review of the record, we cannot say that appellant has presented error warranting reversal. We overrule appellant's fourth and fifth issues.

In his sixth issue, appellant contends that the trial court erred by never considering alternative dispute resolution or marriage counseling to effectuate the reconciliation of the couple for the benefit of the children. In his brief, appellant does not cite any authority in support of this issue. Additionally, besides listing this issue in his "Issues Presented" section, appellant dedicates one phrase to this issue in his argument section. As such, we

cannot conclude that this issue has been adequately briefed. *See* Tex. R. App. P. 38.1(i). We overrule appellant's sixth issue.

In his seventh issue, appellant argues that the trial court erred in denying his motions for continuance, for counseling, to appear in person, and to list and inventory personal and accumulated property and assets. Other than listing this issue in the "Issues Presented" section and briefly mentioning it in the "Statement of Facts" section of his brief, appellant does not argue this issue in the argument section of his brief, much less cite to any authority to support his position. Accordingly, we conclude that this issue is inadequately briefed. *See id.*

In his eighth issue, appellant asserts that the trial court was biased against him because his involuntary incarceration was repeatedly referenced during the hearing. Also, in his ninth issue, appellant complains that the amicus attorney's references to his involuntary incarceration and prison sentence were irrelevant, prejudicial, and improper. Like before, appellant only lists these issues in the "Issues Presented" section of his brief and briefly mentions them in his "Statement of Facts." He does not argue these issues in the argument section of his brief, nor does he cite any authority in support of these issues. We therefore conclude that these issues are inadequately briefed. *See id.*

And finally, in his tenth issue, appellant complains that the trial court ignored his motion for new trial. This issue lacks merit because Texas Rule of Civil Procedure 329b(c) provides that a motion for new trial is deemed overruled by operation of law if it is "not

determined by written order signed within seventy-five days after the judgment was signed." *See* TEX. R. CIV. P. 329b(c). Therefore, contrary to his assertion, appellant's motion for new trial was overruled by operation of law pursuant to Texas Rule of Civil Procedure 329b(c). *See id.* Accordingly, we overrule appellant's tenth issue.

## III. CONCLUSION

Having overruled all of appellant's issues, we affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
(Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed October 17, 2018
[CV06]

*(Chief Justice Gray concurs in the Court's judgment to the extent it affirms the trial court's judgment. A separate opinion will not issue.)

